So Ordered.

Signed this 28 day of October, 2026.

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

DAVID N. GRIFFIN, | Chapter 7
Case No. 24-10655-1-pgr

Debtor.

---

APPEARANCES:

LAW OFFICE OF CHRISTIAAN VAN NIEKERK, PLLC — CHRISTIAAN VAN NIEKERK, ESQ.
146 Jay Street
Schenectady, New York 12305
*Counsel for Debtor David N. Griffin*

LAW OFFICE OF BRIAN P. FREDERICKS, P.C. — BRIAN P. FREDERICKS, ESQ.
1330 Avenue of the Americas, 23rd Flr.
New York, New York 10019
*Counsel for Creditor Chenngong J. Ma*

PHILIP J. DANNER
CHAPTER 7 TRUSTEE — PHILIP J. DANNER, ESQ.
77 Troy Road
East Greenbush, New York 12061

## MEMORANDUM-DECISION AND ORDER DENYING CREDITOR'S MOTION TO REOPEN

Although the Bankruptcy Code permits a creditor to move for revocation of a debtor's discharge, such relief is not available to a creditor who was aware of potential fraud during the pendency of the debtor's bankruptcy and failed to adequately investigate the fraud, preserve their rights, and lodge an objection prior to entry of the discharge.

Chenggong J. Ma is a judgment creditor of David N. Griffin, holding a claim in the amount of $408,604.24 entered by the Supreme Court of the State of New York, New York County. Presently pending is Mr. Ma's motion to reopen David N. Griffin's bankruptcy case to file an adversary proceeding seeking to revoke the discharge issued in December of 2025. For the following reasons, this Court finds that Mr. Ma failed to establish cause to reopen this case.

### Jurisdiction

This Court has core jurisdiction over the parties and the subject matter of this contested matter under 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

On June 9, 2024, David N. Griffin ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (Docket No. 1). The deadline for parties in interest to object to discharge and/or seek a determination of non-dischargeability was set for September 17, 2024. (Docket No. 4).

On December 19, 2025, the Chapter 7 Trustee filed a Report of No Distribution. Shortly thereafter, on December 23, 2025, this Court entered an Order Discharging Debtor. (Docket No. 44). The Clerk of the Court entered a Final Decree (Docket No. 46) and closed the case on January 7, 2026.

On September 11, 2026, Chenggong J. Ma ("Creditor") moved this Court for an Order Reopening Debtor's Chapter 7 Case (the "Motion"). (Docket No. 48). In the Motion, Creditor argues that cause exists to reopen Debtor's case under 11 U.S.C. § 350(b). (*Id.* at 5). More specifically, Creditor asserts that a colorable basis for relief exists because: (1) Debtor's failure to produce responsive documents and information amounted to fraud sufficient to revoke the discharge under § 727(d)(1); and (2) Debtor failed to provide mandatory financial records thus supporting a revocation of discharge under § 727(d)(3). (*Id.* at 5-7).

Debtor opposed Creditor's Motion on September 22, 2026. (Docket No. 50). Debtor argues that the Trustee's records indicate that the § 341 hearings were held open for an extended period, providing Creditor with ample time to ask questions and request information. (*Id.*). Debtor also asserts that he provided Creditor and the Trustee with all the information available to him while his case was open. (*Id.*). Debtor asserts that Creditor's opportunity to file an adversary proceeding has closed, and that reopening this case would prejudice him and place an undue burden on the Trustee. (*Id.*).

This Court heard oral argument on October 15, 2026, in Albany, New York, with appearances as indicated above. Following argument, this Court denied the Motion. The reasons for that decision are set forth below.

**Analysis**

Section 350(b) of the Bankruptcy Code provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

"The Bankruptcy Code does not specify what constitutes 'other cause' to reopen a closed case; thus, the determination of whether a case should be reopened for other cause is committed to the 'broad discretion' of the bankruptcy court." *In re Estiatorio Ent. Ltd.*, 669 B.R. 676, 681 (Bankr. S.D.N.Y. 2025) (citations omitted), *aff'd*, No. 25-CV-5050 (KMK), 2026 WL 2242480 (S.D.N.Y. Aug. 4, 2026).

When determining whether sufficient cause exists to reopen a case, bankruptcy courts consider "numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *In re Easley-Brooks*, 487 B.R. 400, 406–07 (Bankr. S.D.N.Y. 2013) (citing *In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)).

A "[c]ourt's decision to reopen is not an adjudication on the substantive issues raised by the moving party and 'determines nothing with respect to the merits of the case.'" *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017) (quoting *In re Menk*, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999)).

However, "a court may decline to reopen a case where the claims to be asserted clearly lack merit." *In re Duhaney*, No. 18-45846-ESS, 2025 WL 3510992, at *7 (Bankr. E.D.N.Y. Dec. 4, 2025).

In this case, Creditor seeks to re-open the case for the purpose of commencing a proceeding to revoke Debtor's discharge under 11 U.S.C. §§ 727(d)(1) and 727(d)(3).

"Revocation of discharge is an extraordinary remedy." *McCarthy v. Nandalall* (*In re Nandalall*), 434 B.R. 258, 265 (Bankr. N.D.N.Y. 2010) (citation omitted). "The § 727(d) revocation provisions must be construed liberally in favor of the debtor and strictly against those objecting to discharge." *Id.* (citation omitted). The party seeking to revoke the discharge bears the burden of proving all elements by a preponderance of the evidence. *See Keeffe v. Natalie*, 337 B.R. 11, 14 (N.D.N.Y. 2006), *aff'd*, 222 F. App'x 97 (2d Cir. 2007).

Here, Creditor failed to establish that cause exists to reopen Debtor's case because their underlying claims clearly lack merit.

**Revocation Under 11 U.S.C. § 727(d)(1)**

A discharge will be revoked under Section 727(d)(1) if: (1) the debtor obtained the discharge through fraud; and (2) the moving party "*did not know of such fraud until after* the granting of such discharge." 11 U.S.C. § 727(d)(1) (emphasis added).

With respect to the second element, the moving party must establish that they "neither knew, nor had reason to know, of the fraud prior to the granting of Debtor's discharge." *In re Nandalall*, 434 B.R. at 267. "If a party has knowledge of a possible fraud, the burden is on that party to diligently investigate any possible fraudulent

conduct before discharge." *Id.* Furthermore, "[a] party is charged with constructive notice of a transaction from the time it is properly recorded. That notice may be sufficient to bar a subsequent request to revoke a discharge." *Id.*

In *Mid-Tech Consulting, Inc.*, the court considered the scope of § 727(d)(1)'s "did not know" requirement." *Mid-Tech Consulting, Inc. v. Swendra*, 938 F.2d 885, 887 (8th Cir. 1991). The court held that "dismissal of a § 727(d)(1) revocation action is proper where, before discharge, the creditor knows of facts such that he or she is put on notice of possible fraud." *Id.* at 888.

Accordingly, the court reasoned that "the burden is on the creditor to investigate diligently any possibly fraudulent conduct before discharge." *Id.*; *see also In re Nandalall*, 434 B.R. at 267.

In turn, the court dismissed the § 727(d)(1) claim because the creditor: (1) knew of the real property omitted from the debtor's bankruptcy schedules before discharge; and (2) failed to investigate or bring the suspected fraud to the bankruptcy court's attention until after the discharge. *Mid-Tech Consulting, Inc.*, 938 F.2d at 888.

Here, as in *Mid-Tech Consulting, Inc.*, Creditor was aware of facts suggesting the presence of fraud. Creditor, by his own admission, states that on July 1, 2024—almost a year and a half *prior* to Debtor's discharge—he had information suggesting substantial inconsistencies between Debtor's Schedules and representations. (Docket No. 48, Ex. B).

Nothwithstanding this information, Creditor failed to uncover, investigate, or otherwise bring Debtor's possible fraud to this Court's attention until *after* the

discharge was granted. Moreover, Creditor offered no explanation as to why, being aware of potential fraud and feeling frustrated in his effort to obtain information from Debtor and his counsel, he never sought to compel discovery and/or extend his time to object to discharge and/or seek a determination of non-dischargeability.

Accordingly, because Creditor cannot satisfy the requirements of § 727(d)(1), re-opening this case to allow him to pursue such a claim would serve no proper purpose.

**Revocation Under 11 U.S.C. § 727(d)(3)**

"Under [§] 727(d)(3) of the Code, a debtor's discharge may be revoked if, *after the granting of the discharge*, 'the debtor committed an act specified in subsection (a)(6) of this section.'" *In re Bressler*, 601 B.R. 318, 332 (Bankr. S.D.N.Y. 2019) (emphasis added) (quoting 11 U.S.C. § 727(d)(3)); *see also* 6 Collier on Bankruptcy P 727.17 (16th 2026) ("The 'refusal' under [§] 727(d)(3) should be considered a refusal that occurs after the granting of the discharge.").[1]

Subsection (a)(6) includes conduct by the debtor that amounts to a refusal "to obey lawful order by the court" or "to respond to a material question approved by the court or to testify" absent an applicable privilege. *See* 11 U.S.C. § 727(a)(6)(C). Prevailing under § 727(d)(3) requires more than a "mere failure to comply with an

[1] Bankruptcy courts disagree on whether § 727(d)(3) applies only to post-discharge refusals to comply by the debtor. *See In re Barnes*, 348 B.R. 613, 616 (Bankr. D.D.C. 2006) (reasoning that nothing in the text nor legislative history suggest that § 727(d)(3) is limited to post-discharge refusals to comply). However, Second Circuit courts have limited § 727(d)(3)'s application to post-discharge refusals. *See In re Bressler*, 601 B.R. at 332; *In re Araujo*, 292 B.R. 19, 23 (Bankr. D. Conn. 2003) ("Thus, (subject to the qualification that the 'refus[al]' must occur post-discharge) if discharge would have been denied under Section 727(a)(6) for the same 'refus[al],' discharge may be revoked for such "refus[al].").

order of the court." *In re Bressler*, 601 B.R. at 332. Instead, the moving party "must demonstrate willfulness on the part of the debtor." *Id.*

Here, Creditor fails to provide any basis necessary to support a § 727(d)(3) action. As a threshold matter, all of Creditor's allegations pertain to Debtor's refusals to produce documents *prior* to discharge. (Docket No. 48, Ex. E-F). These allegations, as a matter of law, cannot maintain a § 727(d)(3) revocation action. *See In re Bressler*, 601 B.R. at 332 ("[A] debtor's discharge may be revoked [under § 727(d)(3)] if, *after the granting of the discharge*, 'the debtor committed an act specified in subsection (a)(6) of this section'"); *In re Araujo*, 292 B.R. 19, 23 (Bankr. D. Conn. 2003) (finding that the Chapter 7 Trustee had made out a *prima facie* case under § 727(d)(3) for a refusal to comply with a court order after the Debtor had been granted a discharge); 6 Collier on Bankruptcy P 727.17 (16th 2026) ("The "refusal" under section 727(d)(3) should be considered a refusal that occurs after the granting of the discharge. . .. An adequate remedy is provided in [§] 727(a)(6) for any refusal that occurs before discharge.").

Furthermore, even if these allegations could support a § 727(d)(3) action, Creditor failed to provide evidence that Debtor willfully refused to comply with a court order or respond to a material question or demand approved by this Court. To the contrary, Creditor's evidence illustrates that Debtor did provide information in the form of his bankruptcy schedules, unsworn affidavits, and bank records in response to Creditor's subpoena. (Docket No. 48, Ex. B, F). While Creditor may be displeased with the adequacy of Debtor's information, it was nevertheless incumbent

upon Creditor to investigate further and/or seek judicial relief (including, but not limited to, an extension of his time to object to discharge) prior to discharge.

Finally, Creditor's allegations that Debtor failed to comply with their request for a 2004 examination cannot support an action under § 727(d)(3). As incorporated by § 727(d)(3), § 727(a)(6)(C) requires that a request for information be "approved by the court." *See* 11 U.S.C. § 727(a)(6)(C). Once a request is approved by the court, it becomes an order that is capable of being willfully disobeyed within the meaning of § 727(d)(3). *See Smith v. Seferian*, No. 11 C 5036, 2011 WL 6753989, at *4 (N.D. Ill. Dec. 21, 2011) (stating that a court order granting permission to conduct a Rule 2004 examination is an order of the court that is capable of being [willfully] disobeyed, thus falling within the purview of § 727(d)(3)).

In this case, Creditor obtained no court authorization to conduct a 2004 examination. Rather, Creditor admits that in lieu of obtaining an order from this Court, he sought to examine Debtor based on consent. (Docket No. 48, Ex. G). The mere fact that Debtor withdrew his consent to Creditor's 2004 examination after his case closed cannot support a § 727(d)(3) action absent a court order.

Accordingly, because Creditor cannot satisfy the requirements of § 727(d)(3), re-opening this case to allow him to pursue such a claim would serve no proper purpose.

## Conclusion

For the foregoing reasons, Creditor's Motion to Reopen Case to File and Adversary Complaint (Docket No. 48) is DENIED.

###